NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 31 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIANHUA YAO,<br><br>   Petitioner,<br><br> v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>   Respondent. | No. 13-74363<br><br>Agency No. A200-575-472<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Jianhua Yao, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum and withholding of removal.   We

have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence the

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **   The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omissions from Yao's asylum application that he was handcuffed and beaten unconscious, and that his wife was taken away for a sterilization surgery. *See Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010) (adverse credibility determination was supported by omission in asylum application of facts that were crucial to establishing petitioners were persecuted); *see also Shrestha* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Yao's explanation for the omissions does not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Thus, in the absence of credible testimony, Yao's asylum and withholding of removal claims fail. *See Huang v. Holder,* 744 F.3d 1149, 1156 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**